Exhibit 1

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SVENJA SCHMITT,<br><br>       Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>       Defendants. | Case No. 26-cv-00840<br><br>**Judge Virginia M. Kendall**<br><br>**Magistrate Judge Maria Valdez** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff SVENJA SCHMITT ("Schmitt" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Schmitt's Motion as follows.

This Court finds Schmitt has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 4, 2026, [19] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Schmitt has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing and unauthorized versions of Schmitt's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-339-581; VA 2-339-592; VA 2-339-495; VA 2-338-901; VA 2-339-259; VA 2-360-697; VA 2-341-839; VA 2-443-457; VA 2-341-845; VA 2-341-934; VA 2-342-076; VA 2-339-585; VA 2-339-591; VA 2-339-593; VA 2-339-257; VA 2-364-011; and VA 2-414-838 (the "Svenja Schmitt Works") to residents of Illinois. In this case, Schmitt has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using unauthorized versions of the Svenja Schmitt Works. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing and/or unauthorized versions of the Svenja Schmitt Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Schmitt's previously granted Motion for Entry of a TRO establishes that Schmitt has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Schmitt will suffer irreparable harm if the injunction is not granted.

Specifically, Schmitt has proved a *prima facie* case of copyright infringement because (1) the Svenja Schmitt Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the Svenja Schmitt Works, and (3) Defendants' use of the Svenja Schmitt Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Schmitt. Furthermore, Defendants' continued and unauthorized use of

the Svenja Schmitt Works irreparably harms Schmitt through diminished goodwill and brand confidence, damage to Schmitt's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Schmitt has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Svenja Schmitt Works or any reproductions, unauthorized copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Schmitt product or not authorized by Schmitt to be sold in connection with the Svenja Schmitt Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Schmitt product or any other product produced by Schmitt, that is not Schmitt's or not produced under the authorization, control, or supervision of Schmitt and approved by Schmitt for sale under the Svenja Schmitt Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Schmitt, or are sponsored by, approved by, or otherwise connected with Schmitt; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Schmitt, nor authorized by Schmitt

3

to be sold or offered for sale, and which bear any of Schmitt's registered copyrights, including the Svenja Schmitt Works, or any reproductions, unauthorized copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Schmitt's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Schmitt expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or

participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon and Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Schmitt's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of unauthorized and infringing goods using the Svenja Schmitt Works.

5. Any Third Party Providers, including Amazon and Temu, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Svenja Schmitt, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Schmitt may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Svenja Schmitt and any e-mail addresses

provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "dongboxinnengyuan and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7.   Plaintiff's Exhibit 2 to the Declaration of Svenja Schmitt [15], and the TRO [19] are unsealed.

8.   Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9.   The ten thousand dollar ($10,000) bond posted by Schmitt shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Virginia M. Kendall
United States District Judge

Dated: 2/26/2026

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AIDEN GUINNIP,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON "A",

        Defendants.

Case No. 26-cv-01271

**Judge Virginia M. Kendall**

**Magistrate Judge Jeffrey T. Gilbert**

## PRELIMINARY INJUNCTION ORDER

Plaintiff AIDEN GUINNIP ("Guinnip" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Guinnip's Motion as follows.

This Court finds Guinnip has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 12, 2026, [19] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Guinnip has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing and unauthorized versions of Aiden Guinnip's federally registered copyright, which is protected by United States Copyright Registration No. VA 2-456-079 (the "Aiden Guinnip Work") to residents of Illinois. In this case, Guinnip has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using unauthorized versions of the Aiden Guinnip Work. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Aiden Guinnip Work.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Guinnip's previously granted Motion for Entry of a TRO establishes that Guinnip has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Guinnip will suffer irreparable harm if the injunction is not granted.

Specifically, Guinnip has proved a *prima facie* case of copyright infringement because (1) Plaintiff is the owner of the Aiden Guinnip Work, which is registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the Aiden Guinnip Work, and (3) Defendants' use of the Aiden Guinnip Work is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Guinnip. Furthermore, Defendants' continued and unauthorized use of the Aiden Guinnip Work irreparably harms Guinnip through diminished goodwill and brand confidence, damage to Guinnip's reputation, loss of exclusivity, and loss of

future sales. Monetary damages fail to address such damage and, therefore, Guinnip has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Aiden Guinnip Work or any reproductions, unauthorized copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Aiden Guinnip product or not authorized by Guinnip to be sold in connection with the Aiden Guinnip Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Aiden Guinnip product or any other product produced by Guinnip, that is not Guinnip's or not produced under the authorization, control, or supervision of Guinnip and approved by Guinnip for sale under the Aiden Guinnip Work;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Guinnip, or are sponsored by, approved by, or otherwise connected with Guinnip; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Guinnip, nor authorized by Guinnip to be sold or offered for sale, and which bear any of Guinnip's copyrights, including

the Aiden Guinnip Work, or any reproductions, unauthorized copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Guinnip's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Guinnip expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of

4

any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon and Walmart, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Guinnip's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of unauthorized and infringing goods using the Aiden Guinnip Work.

5. Any Third Party Providers, including Amazon and Walmart, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Aiden Guinnip, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Guinnip may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Aiden Guinnip and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a

5

single original summons in the name of "qinyuanfuzhuang and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Exhibit 2 to the Declaration of Aiden Guinnip [15] and the TRO [19] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by Guinnip shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Virginia M. Kendall
United States District Judge

Dated: 3/5/2026

6